UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE

UNITED STATES OF AMERICA          )
                                  )
v.                                )          No. 2:17-CR-92
                                  )
FLORENCIO GOMEZ,                  )
                                  )
          Defendant.              )

## REPORT AND RECOMMENDATION

This matter is before the Court pursuant to 28 U.S.C. § 636 and an Order of Reference [Doc. 76]. A Grand Jury from this Court indicted Defendant for a conspiracy to distribute 1,000 kilograms or more of marijuana in violation of 21 U.S.C. §§ 846, 841(b)(1)(A) and knowingly possessing firearms in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A). A conviction for both of these offenses exposes Defendant to a minimum mandatory term of imprisonment of 15 years.

Defendant was arrested in Oregon and appeared before United States Magistrate Judge there for an initial appearance and a detention hearing. After a hearing, the magistrate judge entered an order setting conditions of release. The Government here filed a Motion for a review of the release order and for a Stay [Doc. 28]. The District Court entered an order staying the release order pending the resolution of the Government's Motion [Doc. 29]. On September 29, 2017, the District Court ordered Defendant to be brought back to Tennessee expeditiously to appear before a magistrate judge for the appointment of counsel and arraignment and to set a hearing on the Government's motion to stay [Doc. 46]. The District Court then entered an Order of Reference referring the Government's Motion to Stay to the undersigned for a Report and Recommendation [Doc. 76].

1

After the initial appearance and arraignment of Defendant, the Court advised the parties that it intended to conduct an evidentiary hearing on the Government's motion to stay. Defendant indicated that it did not intend to offer any additional evidence other than what was included in the Pretrial Services Report from Oregon. The Government intended to submit additional evidence that was not presented to the magistrate judge in Oregon.

The Government called Special Agent Adam Shipley with the Tennessee Bureau of Investigation ("TBI"). He testified that the Wyoming Bureau of Investigation stopped an RV and found 100 lbs. of marijuana and two pounds of butane honey oil, a potent type of marijuana extracted from the marijuana plant. The individuals in the RV identified Defendant as the source of supply for the marijuana and BHO. Law enforcement soon after executed a search warrant at Defendant's residence where they found six firearms in Defendant's bedroom, over $14,000 in cash, BHO and a small amount of marijuana. Agent Shipley recognized Defendant's dining room from a photo he had seen from one of the cell phones from one of the suspects from the RV. In the photo, SA Shipley could see between 50 and 60 pounds of marijuana vacuumed sealed in one pound baggies stored under the kitchen table at Defendant's residence. They also found secret compartments at Defendant's residence, one which contained a large money bag, although very little cash was found inside. During a search of Defendant's truck, they found between 13-15 pounds of marijuana stored in a variety of bags, indicating they came from different sources.

Law enforcement also searched 6300 Lakeshore Drive in Selma, Oregon. There they found 296 plants with root structure and 200 pounds of marijuana. The quantity was inconsistent with what legally could be grown with a state license to grow marijuana. The value of this marijuana depends on how it is sold. Bulk value is between $1,100 and 1,400 a pound. Street value was estimated between $2,200 and $4,000 per pound. The marijuana found at Defendant's grow

operation was described as "high-grade" marijuana.

The Court RECOMMENDS granting the Government's motion to stay and pursuant to 18 U.S.C. § 3145(a)(1) revoke the order of release. The evidence presented at today's hearing was not presented to the magistrate judge in Oregon and shows a much larger marijuana distribution conspiracy. The street value of the marijuana found at his residence could be well in excess of $800,000. If one combines that with the marijuana found in the RV, which he acknowledged involvement with, and the 50 pounds in the picture, the street value exceeds a million dollars. This enormity of this conspiracy is remarkable. With that value of marijuana, the Court has serious reservations about Defendant's access to financial resources. This certainly is inconsistent with a standard of living that requires someone to receive food stamps to make it as he indicated he received. The evidence also shows Defendant was found in possession of firearms in furtherance of drug trafficking activities. As a result, the nature of the offense causes the Court to believe that he poses a danger to the community. Combining the guns with the drugs and the enormous cash value of the marijuana found suggests he is a flight risk. Moreover, the Court could not return him to his residence where his parents live as they have been with him during the entire course of this conspiracy and had to have known about Defendant's involvement in the illegal trafficking of marijuana. There are no suitable third-party custodians that were presented to the Court. For these reasons, the Court RECOMMENDS the motion be GRANTED and the release order be revoked.[1]

Respectfully Submitted,

s/Clifton L. Corker
United States Magistrate Judge

---

[1] [1] Any objections to this report and recommendation must be filed within fourteen (14) days of its service or further appeal will be waived. 28 U.S.C. § 636(b)(1).

3